JOHN ACRES v. WM. TATE ET AL.

(No. 1559, Op. Book No. 2, p. 546.)

1w701
§ 1222
2w193

APPEAL from Clay County. Opinion by WALKER, R. S., P. J.

§ 1222. *Res adjudicata.* A judgment upon the merits is conclusive against the same parties, and those claiming under them, and interposes a complete bar to further litigation, so long as it remains in full force, not set aside or reversed, and precludes any inquiry into matters therein adjudicated or which might have been therein adjudicated. [Weathered v. Mays, 4 Tex. 387; Foster v. Wells, id. 101.]

§ **1223.** *Judgment of court; presumptions in favor of validity of.* This suit was brought by appellant against appellees upon a dormant judgment rendered in justice's court in favor of appellant and against appellees. Appellees pleaded and proved in defense that upon appeal taken by them from said judgment to the county court, a trial *de novo* was had, which resulted in a judgment in their favor and against the appellant. Appellant replied to this defense that the judgment of the county court was erroneous; that said court had no jurisdiction of the case, because the appeal bond was insufficient. The county court sustained appellees' defense, and rendered judgment in their favor. *Held,* the evidence supports the judgment of the court. The question before the county judge was not whether the action of the court on the former appeal was erroneous, but whether there was sufficient competent evidence before him to rebut the ordinary legal presumptions that attach to the validity of judgments. Where the parties and the subject matter are within the jurisdiction of a court, it will be presumed that the court has exercised jurisdiction over them rightfully. It will also be presumed, when the jurisdiction is collaterally brought in question, that the prerequisites to confer it had been complied with. It was not made to appear on the trial of this case that any essential jurisdictional element was wanting to entitle the judgment of the county court on the former appeal to have accorded to it full respect and validity. There was, therefore, sufficient evidence to support the conclusion that there existed a valid judgment of the county court which reversed the judgment of the justice of the peace which is sued upon, and this view is decisive of this appeal.

November 7, 1881.    Affirmed.